IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its complaint against defendant, Apple, Inc. ("Apple"), alleges:

**THE PARTIES**

1. Uniloc 2017 LLC is a Delaware limited liability company, having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2. Apple is a California corporation, having a regular and established places of business at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas.

3. Apple also operates Apple Stores at Barton Creek Square, Austin and at Apple Domain Northside, Austin, Texas, where it uses, offers for sale, and sells iPhones, iPads, iPods, and Mac products that include Apple's FaceTime functionality. Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

4.  Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

5.  Uniloc is the owner, by assignment, of U.S. Patent No. 8,539,552 titled SYSTEM AND METHOD FOR NETWORK BASED POLICY ENFORCEMENT OF INTELLIGENT-CLIENT FEATURES, which issued September 17, 2013 ("the '552 Patent"). A copy of the '522 patent is attached as Exhibit A.

6.  The '552 Patent describes in detail, and claims in various ways, inventions in providing network based policy enforcement of intelligent-client features in IP telephony and multimedia networks.

7.  The written description of the '552 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved upon what may have been considered conventional or generic.

8.  Apple imports, makes, uses, offers for sale, and sells computer network servers ("FaceTime Server(s)") programmed by or for Apple to establish FaceTime communications between Apple FaceTime-enabled devices, including the iPhone4 and later versions; iPad2 and later versions; iPad Mini; iPod Touch 4th gen. and later versions; and MacBooks running OS X and later versions.

9.  The FaceTime Servers communicate with Apple FaceTime-enabled devices over packet-based networks, such as WiFi and cellular 3G and LTE telephone networks.

10.     When an Apple FaceTime-enabled device receives a network connection, it registers, e.g., via SMS messaging for iPhones, with one or more FaceTime Servers (e.g., IP 17.155.5.251), which establishes a binding, for example, using Apple's push notification servers, with the Apple FaceTime-enabled device's address (phone number in the case of iPhones, Apple ID for other devices).  The FaceTime Server stores caller IDs, and uses them to authenticate FaceTime users' devices.

11.     A user having multiple active telephone numbers and email addresses may select and store one number/address that will serve as the user's caller ID.

12.     When a user initiates a FaceTime call from an Apple FaceTime-enabled device, the device sends an encrypted query to one or more FaceTime Server(s) to indicate a FaceTime session is desired and to obtain the IP address of the target Apple FaceTime-enabled device.

13.     The FaceTime Server receiving the query determines whether the intended target is a registered authorized FaceTime user and, if so, sets up the FaceTime connection.  When the connection is established, the target's device displays either the sender's telephone number or email address, depending upon which identifier the sender has selected to be his/her caller ID.

14.     Once the connection has been authenticated and established by the FaceTime Server, the sender and the target can communicate over the WiFi or 3G/LTE network using the FaceTime feature incorporated by Apple into the Apple FaceTime-enabled devices.

15.     Apple has infringed, and continues to infringe, at least claims 1, 5-9, 18-21, and 23 of the '552 Patent in the United States by importing, making, using, offering for sale, and selling the accused FaceTime Servers as described above.

16.     Apple may have infringed the '552 Patent through other software and devices utilizing the same or reasonably similar FaceTime Server functionality as described above.

17. Uniloc has been damaged by Apple's infringement of the '552 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Apple:

(A) declaring that Apple has infringed the '552 Patent;

(B) awarding Uniloc its damages suffered as a result of Apple's infringement of the '552 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## **DEMAND FOR JURY TRIAL**

Uniloc demands trial by jury of all issues so triable under Fed. R. Civ. P. 38.

Date: November 17, 2018

Respectfully submitted,

*/s/ Aaron Jacobs*
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON P.C.**
111 West Tyler Street
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

**ATTORNEYS FOR THE PLAINTIFF**